CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUN 18 2007
JOHN F. CORCORAN, CLERK
BY: /s/ H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ALBERT WAYNE SAMPLE, | ) | |
|     Petitioner, | ) | Civil Action No. 7:07-cv-00257 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| GENE M. JOHNSON, | ) | By: Hon. Jackson L. Kiser |
|     Respondent. | ) | Senior United States District Judge |

Petitioner Albert Wayne Sample, a Virginia inmate proceeding pro se, has filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2002 conviction and 20 year sentence for possession of oxycodone with intent to distribute. Sample alleges that he was illegally searched and items were illegally seized from him, trial counsel provided ineffective assistance, the prosecutor engaged in misconduct, the trial court abused its discretion, he was denied his right to confront witnesses against him, he was convicted on insufficient evidence, and that the Virginia statute under which he was convicted was unconstitutionally vague. The court finds that Sample's petition is untimely and that there are no grounds for equitable tolling. Therefore, the court dismisses his petition.

I.

On September 5, 2002, in the Grayson County Circuit Court, Sample was convicted of possessing oxycodone with the intent to distribute and sentenced to 20 years incarceration. Sample appealed his conviction to the Court of Appeals of Virginia and the Supreme Court of Virginia and both appeals were ultimately denied on January 13, 2004 and October 1, 2004, respectively. Sample then filed a petition for writ of certiorari the United States Supreme Court, which was denied on March 7, 2005. Having no success on his direct appeal, Sample filed a state habeas petition in the Grayson County Circuit Court on February 22, 2006. On April 6, 2006, the court dismissed his petition as

untimely.[1] Sample appealed that denial to the Supreme Court of Virginia, which also denied his petition on January 18, 2007. Sample then filed a petition for writ of certiorari to the United States Supreme Court on February 12 or 13, 2007, which was denied on April 16, 2007. On May 1, 2007, Sample filed the instant federal habeas petition.[2]

## II.

A one-year statute of limitations applies when a person in custody pursuant to the judgment of a state court files a federal petition for a writ of habeas corpus. 28 U.S.C. § 2244(d).[3] Sample did not

---

[1] Virginia Code § 8.01-654(A)(2) provides that a habeas petitioner must file his petition within two years from the date of final judgment in the state trial court or one year from the date of final disposition of the direct appeal in state court, whichever is later. In this case, final judgment was entered on September 5, 2002 and the Supreme Court of Virginia finally disposed of the appeal when it denied his petition for rehearing on October 1, 2004. Thus, Sample had until Monday, October 3, 2005, to timely file his state habeas petition. In Virginia, the filing of a petition for writ of certiorari to the United States Supreme Court does not toll the statute of limitations. See Va. Code § 8.01-654(A)(2).

[2] The United States District Court for the Eastern District of Virginia received and docketed his petition on May 10, 2007. However, an inmate's action is commenced for purposes of the statute of limitations as soon as he delivers his petition to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276 (1988), Lewis v. Richmond City Police Depot, 947 F.2d 733, 735 (4th Cir. 1991). Therefore, for purposes of the statute of limitations, the court will assume that Sample submitted his petition to prison officials the same day he signed it.

[3] Under 28 U.S.C. §2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ["AEDPA"] on April 24, 1996, a federal petition for writ of habeas corpus must be brought within one year from the latest of the following:
  (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
  (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
  (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A - D). Here, Sample has alleged nothing to support the application of § 2244(d)(1)(B - D). Under § 2244(d)(1)(A), Sample's conviction became final for federal habeas petition purposes on March 7, 2005, when the United States Supreme Court denied his petition for writ of certiorari.

2

meet this one-year statute of limitations. Sample had 365 days from the date on which his conviction became final, or until March 7, 2006 to file his federal habeas petition. Although Sample filed his state habeas petition on February 22, 2006, it was not "properly filed" under Virginia state law, and therefore, cannot toll the statute of limitations.[4] Accordingly, Sample's petition is barred unless he demonstrates grounds for equitable tolling of the one-year statute of limitations.[5] Sample has made no such demonstration. With regard to timeliness, Sample argues that his institution was on "lock-down" from April 13, 2007 to April 24, 2007, for 12 days, without access to the law library. However, his petition was untimely by 785 days; therefore, the 12-day lock-down ultimately had no effect on the timeliness of his federal habeas petition. Sample also claims, in his amended petition, that he is actually innocent of the crime of which he was convicted.[6] However, to demonstrate actual innocence, Sample must support his claim with "new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at

---

[4] An application is "properly filed" if it conforms to state rules concerning "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000). An untimely filed state petition does not toll the statute of limitations. Pace v. Digugliemo, 125 S.Ct. 1807 (2005).

[5] A petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutcherson, 209 F.3d 325 (4th Cir. 2000). Otherwise, an untimely petition must be dismissed by a federal district court. 28 U.S.C. § 2244(d)(1)(A)-(D). A district court may apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d. 238, 246 (4th Cir. 2003) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). The petitioner must demonstrate that some action by the respondent or "some other extraordinary circumstance beyond his control" prevented him from complying with the statutory time limit, despite his exercise of "reasonable diligence in investigating and bringing the claims." Harris, 209 F.3d at 330 (citing Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 617 (3d Cir. 1998)).

[6] Sample asserts that he is innocent of possessing oxycodone with the intent to distribute. He argues that the government withheld "exculpatory" evidence by failing to turn over items of drug paraphernalia that were confiscated from him. He claims that the paraphernalia would have proved that he did not intend to distribute the oxycodone, but rather intended to use it himself. While equitable tolling may be appropriate when the petitioner is actually innocent, Sample has failed to make the requisite showing in this case. Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). A habeas petitioner seeking to demonstrate actual innocence faces an "extremely high burden." Sweger v. Chesney, 294 F.3d 506, 523-24 (3d Cir. 2002).

3

trial." Schlup v. Delo, 513 U.S. 298 (1995); Royal v. Taylor, 188 F.3d 239, 243-44 (4th Cir. 1999). He also must show that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Schlup, 513 U.S. at 327; Royal, 188 F.3d at 243-44. Sample has presented no new evidence in support of his assertion.[7] Therefore, the court finds that Sample is not entitled to equitable tolling in this case and that his habeas petition is untimely.

### III.

For the foregoing reasons, the court dismisses Sample's petition as untimely.

**ENTER**: This 18th day of June, 2007.

*/s/ Jackson L. Kiser*
Senior United States District Judge

---

[7] Although Sample argues that the government failed to turn over the "exculpatory" drug paraphernalia, this is not "new" evidence. If drug paraphernalia was confiscated from Sample at the time of his arrest, he was well aware of this fact at all times throughout his trial and could have introduced them in putting on his defense. Moreover, several factors may constitute probative evidence of intent to distribute a controlled substance, including the quantity of the drugs seized, the manner in which they are packaged, and the presence of an unusual amount of cash, equipment related to drug distribution, or firearms. Dukes v. Commonwealth, 313 S.E.2d 382, 383 (1984); Colbert v. Commonwealth, 244 S.E.2d 748, 749 (1978); Wells v. Commonwealth,, 531 S.E.2d 16, 19 (2000); Clarke v. Commonwealth, 527 S.E.2d 484, 493 (2000).

4